## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| SUSAN GWIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | JUDGE _____ |
| ) | Magistrate Judge _____ |
| UNUM LIFE INSURANCE COMPANY ) | |
| OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant Unum Life Insurance Company of America ("Unum Life"), pursuant to 28 U.S.C. § 1441, notifies this Honorable Court that this civil action is removed from the Circuit Court for Humphreys County, Tennessee to the United States District Court for the Middle District of Tennessee, and in support of this notice states:

1. Plaintiff Susan Gwin filed this lawsuit against Unum Life on February 6, 2017, in the Circuit Court for Humphreys County, Tennessee. The Complaint and Summons is attached as **Exhibit A**. Unum Life received a copy of the Complaint when its registered agent in Tennessee, Corporation Service Company, was served on March 2, 2017. The Notice of Service of Process is attached as **Exhibit B**.

2. Unum Life filed its Answer in the Circuit Court for Humphreys County, Tennessee on March 22, 2017. The Answer is attached as **Exhibit C**. No other filings have been made by either party.

3. Plaintiff's Complaint seeks to recover (a) an unspecified amount in compensatory damages for unpaid disability benefits; (b) $35,000 in compensatory damages for

alleged damages incurred by Plaintiff when she was allegedly forced to sell her home below market value because of Unum Life's alleged acts; (c) treble damages pursuant to the Tennessee Consumer Protection Act ("TCPA"); (d) attorneys' fees pursuant to the TCPA; (e) 25% of the present value of her claim in "bad faith" damages pursuant to Tenn. Code Ann. § 56-7-105; and (f) interest and costs. (*See generally* Ex. A). Pursuant to applicable case law, it is certainly "more likely than not" that the total amount in controversy exceeds $75,000. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376–77 (6th Cir. 2007) (In calculating jurisdictional threshold in a case involving claim for disability benefits, the court added potential attorneys' fees under the TCPA, treble damages under the TCPA, and 25% penalty pursuant to Tenn. Code Ann. § 56-7-105 to alleged compensatory damages and held that the potential cost to the insurance company was over $75,000). Here, when the only specified compensatory damage amount, *i.e.* $35,000, is trebled, the jurisdictional threshold is satisfied even without considering attorneys' fees. Alternatively, to the extent Plaintiff claims she is entitled to disability benefits under the terms of the applicable policy, those benefits would total approximately $39,000 to date.[1] Combined with the $35,000 consequential damages pled in the Complaint along with the 25% bad faith penalty, Plaintiff's alleged damages certainly exceed the $75,000 threshold.

4. Plaintiff is, and was at the time of the filing of her Complaint, a citizen and resident of the State of Tennessee and no other state. (*See* Ex. A, ¶ 3).

5. Defendant Unum Life is a corporation incorporated under the laws of the State of Maine with its principal place of business in Maine. Although it does business in Tennessee,

---

[1] Unum Life ceased paying Plaintiff any benefits pursuant to the policy at issue on September 15, 2015. (*See* Ex. C, ¶ 17). As such, as of today, Plaintiff is seeking approximately eighteen months of back benefits. According to the terms of the policy, *see Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (insurance policy considered part of the pleading even when not attached or formally incorporated by reference), Unum Life estimates the amount of back benefits, as of today, to be approximately $39,000.

the substantial part of its business is transacted in Maine and centralized general supervision of its business is exercised in Maine. As such, Unum Life is considered a resident of Maine for purposes of determining diversity jurisdiction. *See Jackson v. Tennessee Val. Auth.*, 462 F. Supp. 45, 49 (M.D. Tenn. 1978), *aff'd*, 595 F.2d 1120 (6th Cir. 1979).

6. Complete diversity of citizenship exists between the Plaintiff and Defendant and the statutory jurisdictional prerequisite for removal is met, as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. This notice of removal is filed by Defendant within thirty days of notice of the pleading establishing removable claims against it.

WHEREFORE, Defendant notifies this Honorable Court that this cause is removed from the Circuit Court for Humphreys County, Tennessee, to the United States District Court for the Middle District of Tennessee, pursuant to the provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1332.

Respectfully Submitted,

s/ Stuart A. Burkhalter
Katharine R. Cloud (BPR #19336)
Stuart A. Burkhalter (BPR #29078)
Riley Warnock and Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
(615) 320-3700
(615) 320-3737 (facsimile)
kcloud@rwjplc.com
sburkhalter@rwjplc.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following via U.S. mail on this 30th day of March, 2017:

Peter T. Skeie
Attorney at Law
315 Deaderick Street, Suite 1220
Nashville, TN 37238

                                              s/ Stuart A. Burkhalter