# EXHIBIT A

| Humphreys County | STATE OF TENNESSEE | Case Number |
|---|---|---|
| Circuit Court | CIVIL SUMMONS | 10310 |
| | page 1 of 1 | |
| Susan Gwin | vs. Unum Life Insurance Company of America | |

Served On: Unum Life Insurance Company of America, c/o Tennessee Department of Commerce and Insurance, Service of Process, 500 James Robertson Parkway, Nashville, TN 37243.

You are hereby summoned to defend a civil action filed against you in **Circuit** Court, **Humphreys** County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 2-6-17

_Edie Hainfork_
Clerk / Deputy Clerk

Attorney for Plaintiff: Peter T. Skeie, 315 Deaderick Street, Suite 1220
Nashville, TN 37238     p. 615-313-9111

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

### CERTIFICATION (IF APPLICABLE)

I, Elaine Choate, Circuit Clerk of Humphreys County do certify this to be a true and correct copy of the original summons issued in this case.

Date: 2-6-17

_Edie Hainfork_
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

FEB 05 2017

Date: _____     By: _____     Elaine Choate
                              Officer, Title        Circuit Court Clerk

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant Unum _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

Notary Public / Deputy Clerk (Comm. Expires _____)

Peter T. Skeie

Signature of Plaintiff     Plaintiff's Attorney (or Person Authorized to Serve Process)
(Attach return receipt on back)

ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____     Rev. 03/11

IN THE CIRCUIT COURT
FOR HUMPHREYS COUNTY, TENNESSEE

Susan Gwin, )
    Plaintiff, )
     )
v. ) Case # 10310
     )
Unum Life Insurance Company of )
America, ) Jury Demand
    Defendant. )

FILED
FEB 06 2017
Elaine Choate
Circuit Court Clerk

## COMPLAINT

1. This Complaint is brought by Plaintiff, Susan Gwin ("Gwin"), against Unum Life Insurance Company of America ("Unum") for (*i*) breach of contract, (*ii*) violation of the Tennessee Consumer Protection Act, and (*iii*) bad faith conduct in regard to an insured claim.

2. Gwin seeks payment of short-term and long-term disability benefits pursuant to the terms of Unum's policy, consequential damages from Unum's breach, "bad faith" damages pursuant to Tennessee's insurance codes, attorney fees, costs, and any other relief deemed necessary or appropriate by this Court.

### Parties

3. Gwin resides at 318 Wallace Road, Waverly, Tennessee 37185.

4. Unum's primary business address in Tennessee is 500 Walnut Street, Chattanooga, TN 37402. Its Registered Agent with the Tennessee Secretary of State is Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312. Unum is registered and licensed with the Tennessee Department of Commerce and Insurance to conduct the business of insurance in the State of Tennessee.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this matter pursuant to T.C.A. § 16-10-101.

6. This Court is the proper venue for this matter because Gwin resides in Humphreys County, because the policyholder is located within Humphreys County, because the policy at issue relates to Gwin's employment in Humphreys County, and because the breach at issue occurred in Humphreys County.

## Allegations of Fact

7. Gwin is insured for short- and long-term disability benefits through group policies issued by Unum to Humphreys County Board of Education.

8. Unum's disability policies are intended to provide financial protection for covered employees when they are unable to work due to serious accidents or illnesses.

9. Unum knows that covered employees disabled by serious illness or accidents are likely to use the money to pay for mortgage payments.

10. Unum knows that if it were to wrongfully deny a claim for disability benefits, the wrongfully denied claimant may have to sell her home under financial distress and at a loss to avoid foreclosure.

11. The disability insurance policies issued by Unum to Humphreys County Board of Education are a part of a "government plan" as this term is defined at 29 U.S.C. § 1002(32).

12. Gwin suffers from multiple chronic medical conditions including hypothyroidism, spinal stenosis, anemia, obesity, osteoarthritis, fibromyalgia, and

degenerative joint disease.

13. These conditions cause Gwin to suffer from chronic fatigue and pain.

14. Gwin has been unable to work and has been disabled as this term is defined by Unum's policies since May 22, 2015.

15. Gwin filed a timely claim for disability benefits based on the disabling severity of her medical problems.

16. Unum initially approved Gwin's claim for short-term disability benefits.

17. Unum subsequently terminated her short-term disability benefits and denied her claims for future benefits.

18. On December 8, 2015, Unum issued its final administrative denial of Gwin's administrative appeals of her claims for disability benefits.

19. Gwin fell behind on her mortgage payments as a result of Unum's failure to pay her benefits.

20. In April 2016, and as a consequence of Unum's failure to pay her benefits, Gwin was forced to sell her home at approximately $35,000 below its full value.

21. In August 2016, Gwin informed Unum of her intention to pursue legal action and gave it notice that any legal action would include a claim for bad faith damages.

22. Although Unum declined to reopen Gwin's short term disability claim, it asked to reopen Gwin's long term disability claim.

23. Gwin agreed to cooperate in the reopening of her long term disability claim.

24. On December 27, 2016, Unum issued its second denial of Gwin's claim for long term disability benefits.

## Liability and Damages

*Breach of Contract*

25. Gwin is disabled as this term is defined by the policies at issue in this case.

26. Unum violated its contracts when it denied her claim.

27. Gwin seeks payment of benefits pursuant to the terms of Unum's policies.

28. Gwin seeks payment of consequential damages resulting from Unum's breach.

*Unum's violation of the Tennessee Consumer Protection Act*

29. Gwin's medical records contain overwhelming medical evidence that she is disabled as defined by the Plan.

30. Unum acted wrongfully and unfairly when it denied her claim despite the overwhelming medical evidence that she is disabled.

31. Unum's conduct constituted gross disregard for and demonstrable indifference toward Gwin's rights and Unum's obligations.

32. Unum's conduct violated the Tennessee Consumer Protection Act.

33. Gwin seeks statutory treble damages pursuant T.C.A. § 47-18-109(a)(3).

*Unum's bad faith denial of Gwin's claim*

34. Gwin has filed a valid claim that is due and payable pursuant to the terms of Unum's policy.

35. Gwin provided Unum with notice of her intent to pursue "bad faith" damages pursuant to T.C.A. § 56-7-105.

36. Unum agreed to reopen Gwin's claim, and Gwin cooperated with Unum's reopening of her claim.

4

37. Despite presenting compelling evidence that she is disabled, including strong support from her doctor, Unum again denied Gwin's claim.

38. Accordingly, Gwin seeks bad faith damages of 25% of the present value of her claim.

## Conclusion

39. Gwin seeks a jury trial, an award of benefits pursuant to the terms of the Plan, compensatory damages, treble statutory damages, bad faith damages, attorney fees, interest, costs, and any other legal or equitable remedies that this Court might determine to be necessary or appropriate.

Dated: 2/2/17

Respectfully Submitted,

Peter T. Skeie, #21006
Attorney at Law
315 Deaderick Street, Suite 1220
Nashville, TN 37238
615-313-9111